**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABUBAKARR FORAY-MUSA : <br> 2 Waterview Road, Apt. Q-9 : <br> West Chester, PA  19380 : <br> : <br>        : <br>     Plaintiff, : <br> : <br>    v.      : <br> : <br> TEMPLE UNIVERSITY : <br> 1801 N. Broad Street : <br> Philadelphia, PA 19122 : <br> : <br>     Defendant. : <br>        : | CIVIL ACTION <br><br> No.: _____ <br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Abubakarr Foray-Musa (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1.   Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), 42 U.S.C. § 1981, the Philadelphia Fair Practices Ordinance ("PFPO") and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq*.).[1] Plaintiff asserts *inter alia* that Defendant failed to hire him because of his race and national origin, in violation of these laws and seeks damages as set forth more fully herein.

### II. Jurisdiction and Venue

2.   This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

---

[1] Plaintiff intends on amending his Complaint to add claims under the PHRA and PFPO once those claims are administratively exhausted.

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. State of Washington,* 326 U.S. 310 (1945) and its progeny.

3.      This action is initiated pursuant to a federal law(s). The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as her federal claims herein.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      As to Plaintiff's Title VII claims, he exhausted his administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has now filed this lawsuit within 90 days of receiving a right-to-sue letter and/or notice of case closure.

### III.      Parties

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult who resides at the above-captioned address.

8.      Temple University is a private institution of higher education.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## IV.      Factual Background

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff is a 40-year-old college educated male.

12.      Plaintiff is black and was born and raised in Sierra Leone, Africa.

13.      Plaintiff speaks with a noticeable accent.

14.      In or about early 2022, Plaintiff applied for a GIS Manager/Technical Support position with Defendant's College of Science and Technology.

15.      Plaintiff was qualified for the job, as he possesses the requisite skill, education and experience for the position.

16.      On or about February 17, 2022, Plaintiff participated in an interview with Defendant's agents, including Brent Sewall (Associate Professor-Department of Biology), David Walton (Integrated Training Area Management Coordinator) and Andy O'Connor (Director of Plans, Operations, Training and Security at Fort Indiantown Gap National Guard Training Center).

17.      Upon Plaintiff's information, belief and observation, Sewall, Walton and O'Connor are Caucasian Americans.

18.      During the video-interview, Plaintiff disclosed his credentials, answered Defendant's questions and also talked about his ethnic background, including telling the

individuals who interviewed him that he was born in Sierra Leone, Africa and that he sometimes travels there to visit family.

19.     Although they told Plaintiff that he was qualified for the job, they explained that Defendant's HR department would be making the hiring decision.

20.     On or about March 8, 2022, after not hearing from Defendant, Plaintiff reached out to Sewall to inquire about the status of his application for the position.

21.     On or about March 9, 2022, Sewall contacted Plaintiff and told him that he would be recommending to Defendant's HR department that Plaintiff be offered the position.

22.     On or about March 20, 2022, Plaintiff's mother passed away.

23.     On or about March 21, 2022, Plaintiff emailed Sewall and informed him that his mother passed away and that, as a result, he would be traveling back to Sierra Leone for funeral services and that he would be unavailable until April 15, 2022.

24.     Sewall responded by informing Plaintiff that his trip to Africa would not interfere with Defendant offering him the position.

25.     In or about late March 2022, Plaintiff received a telephone call from representatives of Defendant's HR department.

26.     Defendant informed Plaintiff that he was being contacted to schedule a phone interview for the GIS position.

27.     Plaintiff asked for clarification regarding the process of scheduling a phone interview and also explained that his mother recently passed away, that he would be traveling home to Sierra Leone for his mother's funeral and that he would be unavailable for the next approximate two weeks for any additional calls.

28.     Defendant's representative spoke to Plaintiff in a rude manner, cut him off and repeatedly told him, "I can't understand you with your accent; can you speak more clearly."

29.     During the call, Defendant did not offer Plaintiff a job or inform him that he had been selected for any position.

30.     Plaintiff felt extremely uncomfortable by Defendant's comments.

31.     Defendant then abruptly ended the call with Plaintiff.

32.     In or about early May 2022, after Plaintiff returned to the United States, he reached out to Mr. Sewall to inquire as to the status of his application for the GIS Manager/Technical Support position.

33.     In response, Sewall told Plaintiff that HR told him (Sewall) that Plaintiff declined a job offer months prior.

34.     This was untrue, as Plaintiff was not offered the position and never declined the position.  In fact, Plaintiff repeatedly reached out to Defendant upon his return from Africa to inquire about the position and reaffirm his interest in it.

35.     Sewall further informed Plaintiff that he was not selected for the position, that the position was re-posted and that Defendant hired another candidate for the position.

36.     Upon information and belief, the candidate Defendant hired for the position is not black or of African descent.

37.     Based on the foregoing, Plaintiff asserts that he was not hired for the GIS Manager/Technical Support position because of his race, national origin, accent and/or ethnic characteristics.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Race and National Origin Discrimination)**

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Plaintiff is a black, African-born man and thus the member of a protected class.

40.     Plaintiff was qualified for the position for which he applied, which Defendant confirmed in writing.

41.     Plaintiff suffered an adverse employment action when Defendant failed to hire him for the position.

42.     After not hiring Plaintiff, Defendant sought someone else for the position and hired a candidate who is not black/African.

43.     Defendant's assertion to Plaintiff that he was offered the job and rejected it is completely untrue and disputed.

44.     Defendant made derogatory comments to Plaintiff about his accent/culture during their March 2022 telephone call with him.

45.     Shortly thereafter, Plaintiff was informed he was not selected for the position.

46.     Plaintiff was not hired for the GIS Manager/Technical Support position or any other position with Defendant.

47.     Defendant failed to hire Plaintiff because of his race, national origin, accent and/or ethnic characteristics.

48.     These actions as aforesaid constitute violations of Title VII.

## COUNT II
## Violations of 42 U.S.C. § 1981
### (Race Discrimination)

49.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     Plaintiff was not hired and/or passed over for a position because of his race, ethnic characteristics and ancestry.

51.     These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees and is to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto (awarding Plaintiff such injunctive and/or equitable relief);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination or retaliation at the hands of Defendant until the date of verdict (in addition to front pay or other equitable relief);

C.     Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant in this action for its willful, deliberate, malicious and outrageous conduct, and to deter others from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
Jeremy M. Cerutti, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 25, 2023

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Abubakarr Foray-Musa | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | NO. |
| Temple University | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| 4/25/2023 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2 Waterview Road, Apt Q9, West Chester, PA 19380__

Address of Defendant: __1801 N. Broad Street, Philadelphia, PA 19122__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?      Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/25/2023__    _____    __ARK2484 / 91538__
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
    *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify): _____*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or* pro se plaintiff, do hereby certify:

☒    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐    Relief other than monetary damages is sought.

DATE: __4/25/2023__    _____    __ARK2484 / 91538__
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FORAY-MUSA, ABUBAKARR

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

TEMPLE UNIVERSITY

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1   U.S. Government Plaintiff | **X** 3   Federal Question   *(U.S. Government Not a Party)* |
| 2   U.S. Government Defendant | 4   Diversity   *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**      **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane      365 Personal Injury - | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product      Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | Liability      367 Health Care/ | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment | 320 Assault, Libel &      Pharmaceutical | | 820 Copyrights | 430 Banks and Banking |
| & Enforcement of Judgment | Slander      Personal Injury | | 830 Patent | 450 Commerce |
| 151 Medicare Act | 330 Federal Employers'      Product Liability | | 835 Patent - Abbreviated | 460 Deportation |
| 152 Recovery of Defaulted | Liability      368 Asbestos Personal | | New Drug Application | 470 Racketeer Influenced and |
| Student Loans | 340 Marine      Injury Product | | 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | 345 Marine Product      Liability | | | 480 Consumer Credit |
| 153 Recovery of Overpayment | Liability      **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| of Veteran's Benefits | 350 Motor Vehicle      370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ |
| 160 Stockholders' Suits | 355 Motor Vehicle      371 Truth in Lending | 720 Labor/Management | 862 Black Lung (923) | Exchange |
| 190 Other Contract | Product Liability      380 Other Personal | Relations | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 195 Contract Product Liability | 360 Other Personal      Property Damage | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 196 Franchise | Injury      385 Property Damage | 751 Family and Medical | 865 RSI (405(g)) | 893 Environmental Matters |
| | 362 Personal Injury -      Product Liability | Leave Act | | 895 Freedom of Information |
| | Medical Malpractice | | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**      **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights      **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure |
| 220 Foreclosure | 441 Voting      463 Alien Detainee | | 871 IRS—Third Party | Act/Review or Appeal of |
| 230 Rent Lease & Ejectment | **X** 442 Employment      510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| 240 Torts to Land | 443 Housing/      Sentence | | | 950 Constitutionality of |
| 245 Tort Product Liability | Accommodations      530 General | | | State Statutes |
| 290 All Other Real Property | 445 Amer. w/Disabilities -      535 Death Penalty | | | |
| | Employment      **Other:** | **IMMIGRATION** | | |
| | 446 Amer. w/Disabilities -      540 Mandamus & Other | 462 Naturalization Application | | |
| | Other      550 Civil Rights | 465 Other Immigration | | |
| | 448 Education      555 Prison Condition | Actions | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding     2 Removed from State Court     3 Remanded from Appellate Court     4 Reinstated or Reopened     5 Transferred from Another District *(specify)*     6 Multidistrict Litigation - Transfer     8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    **X** Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/25/2023

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print      Save As...      Reset